# IN THE UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| NATHANIEL JOHNSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CIVIL NO. 08-cv-269-DRH |
| | ) | |
| HARLEY LAPPIN, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

Plaintiff, formerly an inmate in the Federal Correctional Institution in Greenville, Illinois, brings this action for alleged violations of his constitutional rights by persons acting under the color of federal authority. *See Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> > (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Upon careful review of the complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; portions

of this action are subject to summary dismissal.

## FACTS ALLEGED

The complaint and supporting memorandum do not clearly identify Plaintiff's medical condition, but voluminous exhibits of grievances, responses, and medical records provide the necessary details. Sometime in 2004, Plaintiff underwent surgery for removal of kidney stones. Since then, Plaintiff has been monitored by a urologist through regular urinalysis tests and physical exams.

Plaintiff states that he is afflicted with lymphocytosis, an illness or infection that causes him "unbearable pain and suffering." Specifically, he refers to "burning in the stomach area, sides, back and chest." He believes that he requires a bone marrow transplant, but that treatment has been denied. He claims that Defendants have collectively been deliberately indifferent to his condition by failing to provide the treatment he requests, by accusing him of feigning his symptoms, by their inability to diagnose the cause of his pain, by not providing adequate responses to his grievances, and by not maintaining a sufficient budget to provide him with the range of expensive treatments he believes he requires.

## LEGAL STANDARDS

The Supreme Court has recognized that "deliberate indifference to serious medical needs of prisoners" may constitute cruel and unusual punishment under the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). A deliberate indifference claim requires both an objectively serious risk of harm and a subjectively culpable state of mind. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005).

The Seventh Circuit considers the following to be indications of a serious medical need:

(1) where failure to treat the condition could "result in further significant injury or the unnecessary and wanton infliction of pain"; (2) "[e]xistence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment"; (3) "presence of a medical condition that significantly affects an individual's daily activities"; or (4) "the existence of chronic and substantial pain". *Gutierrez v. Peters,* 111 F.3d 1364, 1373 (7th Cir. 1997). At this point, the allegations in the complaint support a claim that Plaintiff has, objectively, a serious medical need.

The real issue is whether the defendants acted with deliberate indifference, which is a subjective standard. *See Boyce v. Moore*, 314 F.3d 884, 889 (7th Cir. 2002). To be deliberately indifferent, the defendants must have acted with "a sufficiently culpable state of mind." *Greeno*, 414 F.3d at 653 (*quoting Farmer*, 511 U.S. at 834). They must know of the serious risk to the prisoner's health, *i.e.*, the serious medical need at issue, and they must also consciously disregard that risk so as to inflict cruel and unusual punishment upon the prisoner. *Farmer*, 511 U.S. at 837-38; *Higgins v. Correctional Medical Services of Illinois, Inc.*, 178 F.3d 508, 511 (7th Cir. 1999).

In his supporting memorandum, Plaintiff organizes his claims by discussing the actions of each Defendant. For simplicity, the Court will follow this format, but in reverse order.

**P. LONG**

Long is an associate warden at Greenville. Plaintiff alleges that on one occasion in November 2006, he spoke with Long about the inadequate medical treatment he was receiving. Long told Plaintiff that based upon the reports of medical staff, Plaintiff did not have a serious medical problem. He advised Plaintiff to file a grievance if he was unhappy with his medical treatment, and then Long told Plaintiff to get back to work.

This one isolated conversation does not support a claim that Long acted with the requisite

mental intent. Therefore, Plaintiff has failed to state a claim upon which relief may be granted, and Long will be dismissed from this action.

**P/A OBRINER**

On or about November 16, 2006, Plaintiff went to the medical unit, but he does not state why he went on that particular occasion. There he spoke with Obriner, who said she did not know why Plaintiff was at sick call. She told him that nobody could or would be able to see him at that time and sent him away.

As explained above with Long, one isolated incident does not support a claim that Obriner acted with the requisite mental intent. Therefore, Plaintiff has failed to state a claim upon which relief may be granted, and Obriner will be dismissed from this action.

**P/A ULMER**

Ulmer is listed in the caption and then again in a subheading on page 17 of the complaint, but Plaintiff makes no specific allegations against Ulmer. "A plaintiff cannot state a claim against a defendant by including the defendant's name in the caption." *Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998). Therefore, Plaintiff has failed to state a claim upon which relief may be granted, and Ulmer will be dismissed from this action.

**P/A ADESANYA**

On October 5, 2006, Plaintiff was experiencing significant pain. Adesanya transported Plaintiff to the medical unit on a stretcher and left him by the door, telling him that the doctor would be there at 8:00 AM. Adesanya had sick call to run, so he left Plaintiff without performing any sort of exam. Plaintiff alleges that he was left on the stretcher waiting for a doctor for over three hours.

This one isolated incident involving Adesanya does not support a claim of deliberate

indifference. Adesanya took him to the medical unit, where other medical personnel were present or expected. The fact that he had to wait three hours for treatment does not implicate Adesanya; after all, if Plaintiff had not been in prison and had taken himself to the local hospital, he could easily have waited three hours or longer for treatment, depending on the level of activity at that particular time. In short, Plaintiff has failed to state a claim upon which relief may be granted, and Adesanya will be dismissed from this action.

## DR. LEONE

On September 29, 2006, Plaintiff was examined by Leone. At that time, Leone commented that Plaintiff had been examined by specialists, and that neither Leone or the specialists had been able to determine the cause of Plaintiff's pain. Therefore, because Leone did not know what else to do, Plaintiff would have to live with the pain.

Such a statement does not support an inference that Leone was deliberately indifferent, and mere disagreement with a physician's chosen course of an inmate's medical treatment does not amount to deliberate indifference under the Eighth Amendment. *See Snipes v. DeTella*, 95 F.3d 586, 591 (7th Cir. 1996). Leone did not refuse to provide Plaintiff with medical treatment or pain medication with which to manage the pain; Leone simply was unable to determine the cause of the pain.

Therefore, Plaintiff has failed to state a claim upon which relief may be granted, and Leone will be dismissed from this action.

## C. LOPEZ

Plaintiff alleges that Lopez, a hospital administrator, has threatened to place Plaintiff in segregation due to his constant complaints about his pain and lack of medical treatment. On October

16, 2006, Plaintiff attempted to sit up from the table on which he'd been lying, only to fall over onto the floor due to the intense pain. Lopez left him on the floor for a period of time before calling for assistance. When an officer arrived, Plaintiff alleges that both men stood and watched him moaning on the dirty floor in a fetal position, while they did nothing.

Based on these allegations, the Court is unable to dismiss the claims against Lopez at this time.

**P/A KELLY**

On September 16, 2006, Plaintiff was experiencing intense pain, so he went to the medical unit. He spoke with Kelly, who told him she could not see him at that time, and he should return later. Return he did, at which time he was told by an unnamed officer that Kelly had reviewed his chart and would not see him. Plaintiff started towards the lieutenant's office, but collapsed from pain before arriving. Two officers assisted him to the medical unit, where he was then seen by Kelly.

As explained above, one isolated incident of Kelly's refusal to see him at a specific time does not support a claim that she was deliberately indifferent to medical needs. Therefore, Plaintiff has failed to state a claim upon which relief may be granted, and Kelly will be dismissed from this action.

**MIKE VARNUM**

Varnum is a nurse who also attended to Plaintiff after he collapsed on September 16. Varnum called Dr. Dawdy, who at first refused to prescribe more pain medication for Plaintiff. Thus, Plaintiff was left in a wheelchair for an hour "in excruciating pain." Varnum later threatened to send Plaintiff to the SHU, but then called Dawdy again, whereupon a prescription was issued for

a codeine-based pain medication.

Varnum's two calls to the doctor contradicts Plaintiff's assertion that Varnum was deliberately indifferent to his needs. The fact that Plaintiff had to wait over an hour in a wheelchair for a prescription is unfortunate, but that sort of delay does not impose liability on Varnum. Therefore, Plaintiff has failed to state a claim upon which relief may be granted, and Varnum will be dismissed from this action.

### DR. T. DAWDY

The allegations against Dawdy are set forth above. Essentially, he first refused to prescribe more pain medication and then, an hour later, changed his mind. Plaintiff also alleges that at the time he issued the prescription, Dawdy also directed that Plaintiff be placed in the SHU, although Dawdy did not state why. Plaintiff claims that Dawdy did not have the authority to send him to the SHU.

Whether or not Dawdy had the authority to send him to the SHU is irrelevant to the issue of Plaintiff's medical treatment. What is relevant is that upon first request, Dawdy simply declined to issue a prescription. After an hour elapsed, upon a second call from Varnum, Dawdy then issued the prescription. This change in his professional decision does not support an inference that he was deliberately indifferent; in fact, it indicates just the opposite. Therefore, Plaintiff has failed to state a claim upon which relief may be granted, and Dawdy will be dismissed from this action.

### P/A H. GILLIAM

Plaintiff alleges that on numerous visits to the infirmary, Gilliam has expressed an opinion that Plaintiff was faking his symptoms. Gilliam further threatened to have him taken to the SHU if he persisted in complaining about his ailments. On October 6, 2006, during a visit to the

infirmary, Gilliam told Plaintiff that he could not determine what was wrong with Plaintiff, although tests clearly indicated that "something" was wrong. Gilliam then issued a prescription, and that prescription seems to be the primary gripe against Gilliam. As Plaintiff explains, medical personnel should not be prescribing medication for a condition that they are unable to diagnose.

Plaintiff argues that Gilliam's action in prescribing medication for an undiagnosed condition is suggestive of deliberate indifference. The Court disagrees; such allegations support, at best, a claim of negligence. However, the Seventh Circuit has frequently noted that "medical malpractice in the form of an incorrect diagnosis or improper treatment does not state an Eighth Amendment claim." *Gutierrez v. Peters*, 111 F.3d 1364, 1374 (7th Cir. 1997). *See also Snipes*, 95 F.3d at 590 ("Mere negligence or even gross negligence does not constitute deliberate indifference.").

Therefore, Plaintiff has failed to state a claim upon which relief may be granted, and Gilliam will be dismissed from this action.

## MR. PICKETT

Stan Pickett is the hospital administrator at Greenville. Plaintiff has complained to him on numerous occasions, in person and in writing, regarding his medical condition and the lack of proper treatment for that condition. He states that Pickett has refused to talk with him about his condition, nor will Pickett authorize the necessary treatment or direct his medical staff to provide Plaintiff with the treatment he needs.

Although tenuous, the Court is unable to dismiss the claims against Pickett at this time.

## SARA M. REVELL

Revell was the warden at Greenville at the time of the alleged events. Plaintiff states that he has filed numerous grievances with her regarding his medical treatment, but her responses have

been less than satisfactory. Because Revell failed to take affirmative action to correct the situation, Plaintiff alleges that she demonstrated deliberate indifference to his serious medical needs.

Revell's conduct, as documented by the included exhibits, does not demonstrate a sufficiently culpable state of mind. The necessity of a bone marrow transplant (Plaintiff's requested treatment) is not obvious, *see Higgins*, 178 F.3d at 511, and Revell, not a medical professional, could not know whether his condition required surgery. However, she was aware of Plaintiff's complaints of pain, and she did not disregard his complaints. As indicated clearly from the exhibits,[1] she investigated the situation, made sure that the medical staff was monitoring and addressing the problem, and reasonably deferred to the medical professionals' opinions. *See Greeno*, 414 F.3d at 656 ("Perhaps it would be a different matter if [the non-medical prison official] had ignored [the plaintiff's] complaints entirely, but we can see no deliberate indifference given that he investigated the complaints and referred them to the medical providers who could be expected to address [the plaintiff's] concerns.") (internal citations omitted); *see also Bond v. Aguinaldo*, 228 F.Supp.2d 918, 920 (N.D.Ill.2002) ("Except in the unusual case where it would be evident to a layperson that a prisoner is receiving inadequate or inappropriate treatment, prison officials may reasonably rely on the judgment of medical professionals."). Revell is thus insulated from liability because she "responded reasonably" to Plaintiff's complaints. *Jackson v. Illinois Medi-Car, Inc.*, 300 F.3d 760, 765 (7th Cir. 2002) *(quoting Farmer*, 511 U.S. at 843).

Accordingly, Plaintiff has failed to state a claim upon which relief may be granted, and Revell will be dismissed from this action with prejudice.

---

[1] *See* Doc. 1-2 at 5, 8, 11, 13, 15, 17, 19; Doc. 1-3 at 1, 3, 4, 12.

### MICHAEL K. NALLEY

Nalley is the regional director of the B.O.P. Plaintiff alleges that Nalley denied his grievance regarding his medical care, based on records and representations made within the context of the grievance process before it reached his desk. Because Nalley failed to take affirmative action to correct the situation, Plaintiff alleges that Nalley demonstrated deliberate indifference to his serious medical needs.

Nalley is one step further removed from liability than Revell, the warden. Nalley, who is also not a medical professional, received Revell's response along with Plaintiff's grievance. Nalley denied the grievance at the regional level knowing that Plaintiff needed medical attention and that medical care was and continued to be available to him. For the reasons already stated with respect to Revell, Plaintiff has failed to state a claim upon which relief may be granted against Nalley; Nalley will be dismissed from this action with prejudice.

### HARLEY G. LAPPIN

Finally, Plaintiff alleges that Lappin, as director of the Bureau of Prisons, is liable for everything that happens within the B.O.P. Specifically, due to budget cuts within the federal government, which in turn have resulted in budget cuts within the B.O.P., Lappin has failed to provide an adequate medical budget. As a result of Lappin's budgetary decisions, Plaintiff has been denied adequate medical treatment.

Such a claim sounds in negligence, but a defendant can never be held liable for negligence in a federal civil rights. *Daniels v. Williams*, 474 U.S. 327, 328 (1986); *Zarnes v. Rhodes*, 64 F.3d 285, 290 (7th Cir. 1995). Therefore, Lappin will be dismissed from this action with prejudice.

**DISPOSITION**

**IT IS HEREBY ORDERED** that Defendants **ADESANYA, DAWDY, GILLIAM, KELLY, LAPPIN, LEONE, LONG, NALLEY, OBRINER, REVELL, ULMER** and **VARNUM** are **DISMISSED** from this action with prejudice. Dismissal of these claims constitutes one of Plaintiff's three allotted strikes. 28 U.S.C. § 1915(g). *See George v. Smith,* 507 F.3d 605, 607-08 (7th Cir. 2007); *Boriboune v. Berge,* 391 F.3d 852, 855 (7th Cir. 2004).

The Clerk is **DIRECTED** to prepare Form 1A (Notice of Lawsuit and Request for Waiver of Service of Summons) and Form 1B (Waiver of Service of Summons) for Defendants **LOPEZ** and **PICKETT**. The Clerk shall forward those forms, USM-285 forms submitted by Plaintiff, and sufficient copies of the complaint, including copies for the United States Attorney and the Attorney General, to the United States Marshal for service.

The United States Marshal is **DIRECTED**, pursuant to Rule 4(c)(2) of the Federal Rules of Civil Procedure, to serve process on Defendants **LOPEZ** and **PICKETT** in the manner specified by Rule 4(d)(2) of the Federal Rules of Civil Procedure, *and* on the United States Attorney for the Southern District of Illinois and the Attorney General of the United States, Washington, D.C., pursuant to Rule 4(I) of the Federal Rules of Civil Procedure. All costs of service shall be advanced by the United States. For purposes of computing the passage of time under Rule 4(d)(2), the Court and all parties will compute time as of the date it is mailed by the Marshal, as noted on the USM-285 form. Plaintiff's motion for service of process (Doc. 10) is now **MOOT**.

With respect to former employees of Bureau of Prisons who no longer can be found at the work address provided by Plaintiff, the Bureau of Prisons shall furnish the Marshal with the defendant's last-known address upon issuance of a court order which states that the information shall

be used only for purposes of effectuating service (or for proof of service, should a dispute arise) and any documentation of the address shall be retained only by the Marshal. Address information obtained from the B.O.P. pursuant to this order shall not be maintained in the court file, nor disclosed by the Marshal.

The United States Marshal shall file returned waivers of service as well as any requests for waivers of service that are returned as undelivered as soon as they are received. If a waiver of service is not returned by a defendant within **THIRTY (30) DAYS** from the date of mailing the request for waiver, the United States Marshal shall:

- Request that the Clerk prepare a summons for that defendant who has not yet returned a waiver of service; the Clerk shall then prepare such summons as requested.

- Personally serve process upon the defendant pursuant to Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566(c).

- Within ten days after personal service is effected, the United States Marshal shall file the return of service for the defendant, along with evidence of any attempts to secure a waiver of service of process and of the costs subsequently incurred in effecting service on said defendant. Said costs shall be enumerated on the USM-285 form and shall include the costs incurred by the Marshal's office for photocopying additional copies of the summons and complaint and for preparing new USM-285 forms, if required. Costs of service will be taxed against the personally served defendant in accordance with the provisions of Federal Rule of Civil Procedure 4(d)(2) unless the defendant shows good cause for such failure.

Plaintiff is **ORDERED** to serve upon Defendants or, if appearance has been entered by counsel, upon that attorney, a copy of every further pleading or other document submitted for consideration by this Court. He shall include with the original paper to be filed with the Clerk of the Court a certificate stating the date that a true and correct copy of any document was mailed to defendant or his counsel. Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the

Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint, and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this cause is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings.

Further, this entire matter is hereby **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Plaintiff is under a continuing obligation to keep the Clerk and each opposing party informed of any change in his whereabouts. This shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs.

**IT IS SO ORDERED.**

**DATED:** October 10, 2008.

/s/      DavidRHerndon
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**